**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0044n.06

No. 08-4652

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 25, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SURINDER SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF AN |
| v. | ) | ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: RYAN, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Surinder Singh petitions for review of the Board of Immigration Appeals ("BIA")'s order affirming the Immigration Judge ("IJ")'s denial of his applications for relief. We deny the petition in part and dismiss it in part.

I. Background

Surinder Singh, a native and citizen of India, entered the United States in 1989 under the false identity of his deceased cousin, Lal Singh. Lal Singh's wife and children accompanied him. Soon thereafter, Singh applied for, and received, a Social Security number in the name of Lal Singh. In 1998, the Immigration and Naturalization Service ("INS"), now part of the Department of Homeland Security, served Singh with a Notice to Appear ("NTA"), alleging removability under 8 U.S.C. § 1227(a)(1)(A) for procuring admission into the United States by fraud or by willfully

misrepresenting a material fact in violation of 8 U.S.C. § 1182(a)(6)(C)(i).  At his initial hearing, Singh, through counsel, denied the allegations in the NTA.  Due to Singh's admissions at a later hearing, however, the IJ found that the INS had met its burden of establishing Singh's removability.  In May 2001, Singh filed an application requesting asylum, withholding of removal, voluntary departure, and a discretionary waiver of inadmissibility.

The IJ pretermitted Singh's asylum application and denied his requests for withholding of removal, voluntary departure, and a waiver of inadmissibility.  The BIA adopted and affirmed the IJ's decision with additional commentary.  On appeal, Singh challenges only one part of the BIA's decision: the denial of his application for withholding of removal.  Although neither the IJ's decision nor the BIA's decision discussed Singh's Convention Against Torture ("CAT") eligibility, Singh also raises a CAT claim.

## II.  Analysis

Where the BIA adopts the IJ's opinion with additional commentary, "that opinion, as supplemented by the BIA, becomes the basis for review."  *Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009) (citations omitted).  This court reviews legal conclusions de novo and factual findings for substantial evidence.  *Tapucu v. Gonzales*, 399 F.3d 736, 738 (6th Cir. 2005).  Under the substantial-evidence standard, we deem findings of fact "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

A.  Withholding of Removal

The BIA denied Singh's application for withholding of removal, concluding that discrepancies between his relief application and hearing testimony, as well as Singh's admitted history of deceit, rendered his claim incredible and, in the alternative, that his claim failed on the merits.  Singh argues that these findings lack substantial evidentiary support.  We bypass Singh's adverse-credibility challenge and uphold the BIA's decision on withholding of removal because substantial evidence supports it.

To qualify for withholding of removal, Singh must demonstrate by a "clear probability" that, if removed to India, he would suffer future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 749 (6th Cir. 2006).  We presume future persecution if an alien establishes past persecution.  8 C.F.R. § 1208.16(b)(1)(i).  Past persecution "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998).  If an alien fails to establish past persecution, he must prove that it is "more likely than not" that he would suffer such harm if removed.  8 C.F.R. § 1208.16(b)(1)(iii).

Although Singh testified that he left India to fulfill his uncle's request that he bring Lal Singh's children to the United States, he also contends that he suffered persecution on account of his Sikh religion and political affiliation.  Singh elaborated with testimony that two men robbed him

of his scooter and watch. Although his story first had the robbers as undercover police officers, further questioning elicited that he did not know them to be police at all. Singh also testified that the police murdered his cousin and questioned and threatened him regarding his cousin's alleged criminal conduct. Taken together, these incidents neither evidence persecution nor bear a nexus to a statutorily-protected ground and thus confirm that substantial evidence supports the BIA's findings.

Substantial evidence also supports the finding that Singh failed to establish a clear probability of future persecution. Singh's claim that as a Sikh he will be subject to persecution on his return is similarly unavailing in establishing a likelihood of future persecution. In fact, he testified that his parents and brother safely reside in India. *Koliada v. INS*, 259 F.3d 482, 488 (6th Cir. 2001) (finding applicant's claim of persecution undercut when similarly-situated family members continued to live in the country without incident). He also admitted to voluntarily returning to India in October 1990 without incident, further indicating that he neither feared nor would be subject to future persecution. Accordingly, Singh's application for withholding of removal fails.

B. CAT Relief

We may review only those claims for relief that an applicant has raised before the BIA. 8 U.S.C. § 1252(d)(1). Because Singh failed to exhaust his claim for CAT relief below, we lack jurisdiction to consider it.

-4-

### III.  Conclusion

For these reasons, we deny in part and dismiss in part Singh's petition for review.